**William A. CARROLL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 01–2877–G/BRE.

United States District Court, W.D. Tennessee, Western Division.

Jan. 16, 2003.

William A. Carroll, Memphis, TN, Pro Se Plaintiff.

Jason S. Zarin, Esq., U.S. Dept. of Justice, Tax Division, Washington, D.C., for Defendant.

ORDER DENYING MOTION FOR RECONSIDERATION ORDER TAXING FEES AND COSTS AND ORDER DIRECTING CLERK TO ENTER JUDGMENT

JULIA SMITH GIBBONS, Circuit Judge.

Plaintiff, William Carroll, filed a complaint seeking to invalidate the determination by the Internal Revenue Service (IRS) to proceed with collection by levy on the penalty imposed pursuant to 26 U.S.C. § 6702(a). On May 29, 2002, the court granted the defendant's motion for summary judgment after determining that the IRS complied with all applicable laws and procedures and did not abuse its discretion. The court further determined that based upon the frivolous nature of plaintiff's arguments, plaintiff maintained this action in bad faith. The court found the United States was entitled to recover a reasonable attorney's fee and related expenses under 28 U.S.C. § 2412(a) and the bad-faith exception to the American rule,

generally denying such recovery in the absence of a contractual or statutory provision. Counsel for the defendant was directed to file his declaration, itemizing the number of hours he expended in representing his client in this proceeding, the approximate hourly rate at which the United States has compensated (or will compensate) him for such representation, and any expenses incurred in such representation. Plaintiff was directed to respond to the declaration within five days after such filing. The court delayed entering its final judgment until it determinated the amount of allowable attorney's fees and expenses.

On June 10, 2002, counsel for the defendant filed his accounting of costs and fees in the amount of $2425.57. On June 14, 2002, plaintiff filed a motion for reconsideration which does not address the court's decision to award fees and costs, but rather, expresses plaintiff's disagreement with the court's order granting summary judgment. On June 19, 2002, the defendant filed its opposition to plaintiff's motion for reconsideration.

■ Contrary to plaintiff's allegations and argument, the Court previously considered the underlying substantive issues of his claims and found them to be meritless. The motion does not contain any basis for the court to alter its original determination that plaintiff failed to demonstrate the existence of a genuine issue of material fact as to his claims. Plaintiff alleges no law or facts justifying reconsideration and summary judgment was properly entered for the defendant. Accordingly, plaintiff's motion is denied.

■ Furthermore, despite the court's order directing plaintiff to file a response to defendant's declaration and itemization of costs, plaintiff has stated no objection to the defendant's accounting. Thus, the court finds that the amount requested, $2425.57, to be reasonable and adequately supported by affidavit. Plaintiff continues

to file pleadings, such as the instant motion, comprised of frivolous and groundless positions. Plaintiff paid the filing fee in this case and was not proceeding *in forma pauperis*. Plaintiff has failed to demonstrate that the award of fees and costs against him will cause any financial hardship. Accordingly, the plaintiff is ordered to pay defendant's costs and fees in the amount of $2425.57.

The clerk is directed to prepare and enter its judgment in accordance with this order. The clerk shall not accept any other documents other than a notice of appeal for filing in this action. Any documents other than a notice of appeal submitted in this case shall be returned to the plaintiff.